UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TRENISE BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:11-CV-685 CAS |
| | ) |
| MV STUDENT TRANSPORTATION, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the application of Trenise Brown for leave to commence this action without payment of the required filing fee. See 28 U.S.C. § 1915 (a). Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 (a).

**Title 28 U.S.C. § 1915 (e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must

also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

**The complaint**

Plaintiff brings this race discrimination action against MV Student Transportation pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq. Plaintiff submitted her action on one of this Court's standard "Employment Discrimination Complaint" forms for pro se litigants; however, she has not provided the Court with sufficient information to review her discrimination claim under 28 U.S.C. § 1915(e)(2)(B). Specifically, plaintiff has not set forth the essential facts of her claim on page 5 or the relief she is requesting on page 7. Moreover, plaintiff has not signed the complaint as required by Ru1e 11(a) of the Federal Rules of Civil Procedure. Taking into consideration the fact that plaintiff is proceeding pro se and in forma pauperis, the Court will grant her time to file an amended complaint as set forth below. Plaintiff is advised that the amended complaint supersedes and completely replaces the original complaint, and will be the only complaint the Court reviews.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk receive and file the complaint in this action without payment of the required filing fee. See 28 U.S.C. § 1915(a).

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint at this time.

**IT IS FURTHER ORDERED** that the Clerk shall provide plaintiff with a copy of the Court's employment discrimination complaint form for pro se litigants.

**IT IS FURTHER ORDERED** that plaintiff shall have thirty (30) days from the date of this order to fully complete, sign, and file an amended complaint on the Court's employment discrimination complaint form.

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with this Court's order, the Court will dismiss this action without prejudice.

                                                            /s/ Charles A. Shaw
                                                            **CHARLES A. SHAW**
                                                            **UNITED STATES DISTRICT JUDGE**

Dated this   11th   day of May, 2011.