**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| TRENISE BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:11-CV-685 CAS |
| ) | |
| MV STUDENT TRANSPORTATION, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant MV Student Transportation's request for sanctions pursuant to Federal Rule of Civil Procedure 37(a)(5)(A) in connection with its motion to compel. Plaintiff Trenise Brown opposes the imposition of any sanctions. For the following reasons, the Court will grant defendant's request for sanctions in part.

Defendant filed its motion to compel in April 2012 to require plaintiff to answer its first set of interrogatories without objection, and produce the documents requested in its first request for production of documents without objection. Plaintiff's responses to defendant's discovery requests were due January 12, 2012. The motion to compel stated that plaintiff objected to four of defendant's interrogatories but did not answer the other eleven, and in February 2012 plaintiff produced four documents in response to defendant's twenty-six documents requests, although most of plaintiff's responses stated that she would produce the requested documents. Defendant's counsel sent three letters to plaintiff's counsel over the course of a month and left multiple voice mail messages which went unanswered, in an attempt to obtain compliance with its discovery prior to filing the motion to compel. The motion also stated that although initial disclosures were due

September 16, 2011, plaintiff did not provide defendant with her initial disclosures until January 5, 2012.

The motion to compel came before the Court for hearing on May 24, 2012. The Court granted the motion and ordered plaintiff to respond, limiting only the responses to Interrogatory No. 6 and Document Request No. 8 to a period of ten years, and omitting privileged communications with respect to Request No. 8. The Court also ordered plaintiff to state in writing if she had no documents responsive to a particular request. See Order of May 25, 2012. The Court ordered defendant to submit an affidavit detailing its reasonable attorney's fees and expenses incurred in connection with the motion to compel.

Defendant filed the Affidavit of Chad Richter, which states that it incurred attorney's fees in connection with the motion to compel of $1,920, for six hours of attorney time at the rate of $320 per hour, and travel costs to St. Louis of $400. In response, plaintiff does not challenge the number of hours expended, the hourly rate or the travel costs. Instead, plaintiff argues that she had a right to make good-faith discovery objections, noting that the Court imposed limits on two of defendant's requests for production of documents. Plaintiff also argues that an award of attorney's fees would be unjust under Rule 37(a)(5)(A)(iii), Fed. R. Civ. P., because she commenced this action pro se and was granted in forma pauperis status, she remains financially unable to pay "most of the attorney fees she has incurred to date," and has been unemployed since her discharge by defendant in May 2010.

The Federal Rules permit and in some instances require the imposition of sanctions for failure to comply with court orders and discovery requests from opposing parties. Where a motion to compel has been filed, Rule 37(a)(5)(A) provides:

2

>(A) *If the Motion is Granted (or Disclosure or Discovery Is Provided After Filing).* If the motion is granted–or if the disclosure or requested discovery is provided after the motion was filed–the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
>>(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>>
>>(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>>
>>(iii) other circumstances make an award of expenses unjust.

Rule 37(a)(5)(A), Fed. R. Civ. P.

The Court finds, based on plaintiff's financial condition, that an award of the entire amount of defendant's fees and travel costs would be unjust. The conduct of plaintiff and her attorney warrants the imposition of a partial sanction, however, and would not be unjust. As stated above, plaintiff objected to four of defendant's interrogatories, but wholly failed to answer the remaining eleven. Plaintiff belatedly responded to defendant's request for production of documents, produced just four documents in response to twenty-six requests, and over three months later had failed to provide other documents that she agreed to produce.

The right to file good-faith objections to discovery does not permit a party to fail or refuse to produce discovery that is not the subject of objections. When a person chooses to file a lawsuit, she must be prepared to accept the duties attached to that choice, which include producing relevant information and documents. As a result of plaintiff's delay in providing basic information about her case to the defendant, the progress of this case was significantly delayed and the Court was required to modify the scheduling order.

3

In addition, plaintiff's counsel repeatedly neglected to respond to defendant's correspondence and telephone messages that sought to resolve the outstanding discovery issues without resort to Court action. When contact was finally made between counsel, Mr. Raymond "could not indicate when, if ever, Plaintiff would be providing information necessary to respond to any of the outstanding discovery requests." Richter Aff. at 3, ¶ 12. Mr. Raymond's failure to respond to Mr. Richter's communications exacerbated the delay in this case and unnecessarily increased the attorney's fees that defendant expended in an effort to obtain the requested discovery.

For these reasons, the Court will impose a sanction against plaintiff Trenise Brown and her attorney, Melvin L. Raymond, jointly and severally, in the amount of $400 for defendant's travel expenses.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's request for sanctions under Rule 37(a)(5)(A) is **GRANTED** to the extent that plaintiff Trenise Brown and attorney Melvin L. Raymond, jointly and severally, shall pay to defendant's counsel the sum of $400 (Four Hundred Dollars). Payment shall be made directly to defendant's counsel within thirty (30) days of the date of this Order. [Doc. 23]

 

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   13th   day of July, 2012.

4